# Richmond

JOHN NOEL v. OAKWOOD SMOKELESS COAL CORPORATION.

March 3, 1947.

Record No. 3200.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*Tivis D. Owens* and *S. H. & Geo. C. Sutherland*, for the appellant.

*F. H. Combs*, for the appellee.

HUDGINS, J., delivered the opinion of the court.

John Noel filed with the Industrial Commission an application claiming compensation from the Oakwood Smokeless

Coal Corporation for silicosis, an occupational disease. From an order denying compensation, claimant obtained this appeal.

The uncontradicted facts are substantially as follows: Claimant was an employee of defendant from 1937 to September, 1944. During most of this period he operated an electric motor, hauling coal out of the mines. The tramroad for this motor was installed over grades in the mines called "rolls." Some of these "rolls" were steep and extended from two to three hundred feet. In order to pull or shove the cars up the grades, it was necessary to pour sand on the tracks to create friction for the driving wheels. This created in the mine tunnel a dust containing silica, which, when inhaled over a period of time, tends to cause silicosis.

In June, 1944, claimant was transferred to another part of the mine where the tramroad extended over much steeper grades. In operating his motor over these grades during the months of June, July and August, it was necessary to use additional quantities of sand to keep the motor from stalling, thereby increasing the quantity of dust in the atmosphere claimant was forced to breathe.

Prior to September, 1944, claimant lost little, if any, time from his employment. On or about September 2, 1944, he became sick and quit work. He said that he was unable to sleep, that he suffered from shortness of breath, and that at times he felt he was smothering to death. On or about September 19, 1944, his physician diagnosed his disease as silicosis in its first stages.

The decision turns on the construction of the 1944 amendment to the Workmen's Compensation Act (Acts 1944, ch. 77, p. 97) which, by express terms, became effective July 1, 1944. The pertinent parts of the act, subsection 2-i, applicable to the facts, provide: "An occupational disease which an employee has on the effective date of the amendments of this law shall not be covered hereunder. An employee has an occupational disease within the meaning of this law if the disease or condition has developed to such an extent that it can be diagnosed as an occupational disease.

In every hearing before the Industrial Commission in this regard under this law, the burden shall be on the employee to prove that he did not have as of the effective date hereof the occupational disease for which he is seeking compensation."

Before an employee is entitled to compensation for an occupational disease, he must prove, first, that his malady has developed to such an extent that it has been or can be diagnosed as an occupational disease, and, second, that the malady could not have been diagnosed as an occupational disease on July 1, 1944. The statute expressly excludes recovery in the absence of proof of these elements.

Claimant proved by proper evidence that, on September 19, 1944, his malady was diagnosed as silicosis, an occupational disease, but he failed to prove that he did not have the disease on July 1, 1944. He stated that if he had the disease on that date he did not know anything about it and "it never did hurt me" until after July 1, 1944.

Three doctors (J. A. Robinson, J. C. Moore, and J. A. Abercrombie) were called as witnesses. Each stated that claimant could not have contradicted the disease in the short period of time between July 1 and September 2, 1944. Dr. Abercrombie, when asked if the disease could be contracted in a few months or within a year, said: "Usually it's contracted over a long period of time. Occasionally it can be contracted rather quickly where there is a tremendous amount of sand and exposure, and a man doesn't wear a respirator, there is a possibility that the concentration of the irritating agent is sufficient to get it rather quickly, but ordinarily around mines it takes years." He further said that if this claimant had silicosis at all he had not contracted it since July 1, 1944.

Claimant failed to bring his claim for compensation within the conditions required by statute for an occupational disease.

*Affirmed.*