# Richmond

CITY OF RICHMOND V. THOMAS A. COLLINS.

April 21, 1947.

Record No. 3202.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*J. Elliott Drinard* and *Olin A. Rogers*, for the appellant.

*Robert L. Hicks*, for the appellee.

GREGORY, J., delivered the opinion of the court.

Thomas A. Collins, the claimant, had been working for the City of Richmond for a number of years as a street-sweeper and as a driver of the trash and ash truck. For several years he had been treated for bronchitis, asthma, and pleurisy. In December, 1945, he was being treated by his physician for pleurisy and on December 18, 1945, his chest was x-rayed and his case was diagnosed as silicosis.

Collins filed his claim with the Industrial Commission for compensation and it was granted.

The city claims upon this appeal that the claimant has failed to bring himself within the terms of the amendments to the Act. In 1944 the legislature broadened the terms of the Workman's Compensation Act to include occupational diseases, but it expressly excluded those that were pre-existing.

Code, section 1887(2i) (1946 Cumulative Supplement to the Code of 1942) reads as follows: "An occupational disease which an employee has on the effective date of the amendments of this law shall not be covered hereunder. An employee has an occupational disease within the meaning of this law if the disease or condition has developed to such an extent that it can be diagnosed as an occupational disease. In every hearing before the Industrial Commission in this regard under this law, the burden shall be on the employee to prove that he did not have, as of the effective date hereof, the occupational disease for which he is seeking compensation."

Under Code, section 1887(2p) (1946 Cumulative Supplement to the Code of 1942) the effective date of the provisions of the amendments relevant here was fixed as of July 1, 1944.

The claimant followed his occupation and continued to

work for the city until December 8, 1945. There is no medical or other evidence which tends to establish that a diagnosis of silicosis could have been made on July 1, 1944. No evidence whatever was submitted touching this statutory essential.

The legislature in broadening the compensation features of the Workman's Compensation Act so as to cover occupational diseases has placed upon the workman who finds himself with such a disease an almost impossible duty to be performed by him as a condition precedent to his right to compensation.

Before an employee is entitled to compensation for an occupational disease he must prove that the disease has developed to such an extent that it has been or can be diagnosed as an occupational disease. He must also prove that such disease could not have been diagnosed as an occupational disease on July 1, 1944, the effective date of the Act, because the statute reads that if he had the disease on July 1, 1944, he "shall not be covered hereunder".

The legislature, in plain and clear terms, has placed this unusual burden on the employee. This being true, courts are not permitted to depart from the plain language of the statute. We can only expound and construe it as written.

Our conclusion is that the claimant proved that he had silicosis, an occupational disease, on December 18, 1945. It was diagnosed as such as of that date by the physician, but he has entirely failed to prove that the disease could not have been so diagnosed on July 1, 1944, and for this failure he is denied compensation by the express terms of the Act.

The decision of this case is controlled by the case of *Noel* v. *Oakwood Smokeless Coal Corp., ante,* p. 97, 41 S. E. (2d) 454, having been handed down on March 3, 1947.

The order of the commission is reversed and the proceeding dismissed.

*Reversed and dismissed.*